UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS ESPINOZA,

          Petitioner,

   v.

W. L. MONTGOMERY, Warden,

          Respondent.

Case No.  14-cv-05376-YGR (PR)

**ORDER GRANTING *IN FORMA PAUPERIS* STATUS; DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED; AND DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

     Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner also seeks leave to proceed *in forma pauperis*.  He has also filed a motion for appointment of counsel.

### REQUEST FOR APPOINTMENT OF COUNSEL

     The Sixth Amendment right to counsel does not apply in habeas corpus actions.  *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986*); Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

     Courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases.  *See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due

1  process violations.  *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.

2  1965).  Under the foregoing standard, the Court finds that appointment of counsel is not warranted.

3  Thus, Petitioner's motion for appointment of counsel is DENIED.  Dkt. 3.

### ORDER TO SHOW CAUSE

5  It does not appear from the face of the petition that it is without merit.  Good cause

6  appearing, the Court hereby issues the following orders:

7  1.  Petitioner's application to proceed *in forma pauperis* is GRANTED. Dkt. 2.

8  2.  The Clerk of the Court shall serve a copy of this Order and the petition and all

9  attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State

10  of California.  The Clerk shall also serve a copy of this Order on Petitioner at his current address.

11  3.  Respondent shall file with this Court and serve upon Petitioner, within **one-**

12  **hundred and twenty (120) days** of the issuance of this Order, an Answer conforming in all

13  respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas

14  corpus should not be issued.  Respondent shall file with the Answer a copy of all portions of the

15  relevant state records that have been transcribed previously and that are relevant to a determination

16  of the issues presented by the petition.

17  4.  If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse

18  with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer.

19  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty**

20  **(60) days** after the date Petitioner is served with Respondent's Answer.

21  5.  Respondent may file with this Court and serve upon Petitioner, within **sixty (60)**

22  **days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer,

23  as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254

24  Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on

25  Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of

26  receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply

27  within **fifteen (15) days** of receipt of any opposition.

28  6.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the

United States District Court
Northern District of California

2

1   Court and Respondent informed of any change of address and must comply with the Court's orders

2   in a timely fashion.  Petitioner must also serve on Respondent's counsel all communications with

3   the Court by mailing a true copy of the document to Respondent's counsel.

4          7.      Extensions of time are not favored, though reasonable extensions will be granted.

5   Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline

6   sought to be extended.

7          8.      Petitioner's motion for appointment of counsel is DENIED.  Dkt. 3.

8          9.    This Order terminates Docket Nos. 2 and 3.

9         **IT IS SO ORDERED.**

10  Dated:  January 2, 2015

11                    YVONNE GONZALEZ ROGERS
                  United States District Court Judge

*United States District Court*
*Northern District of California*

3