UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS ESPINOZA,

    Petitioner,

v.

W. L. MONTGOMERY, Warden,

    Respondent.

Case No. 14-cv-05376-YGR (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Carlos Espinoza, a state prisoner, filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition on abstention grounds. Dkt. 5. Petitioner opposes the motion, and Respondent has filed a reply to the opposition. Dkts. 6, 7.

For the reasons discussed below, the motion to dismiss is GRANTED.

## BACKGROUND

In 2012, a Monterey County jury convicted Petitioner of first degree murder, attempted premeditated and deliberate murder, and active participation in a criminal street gang. Dkt. 1-1 at 2.[1] The jury also found that Petitioner committed the murder and attempted murder for the benefit of a criminal street gang, and that in committing the aforementioned crimes, he personally used and intentionally discharged a firearm and proximately caused great bodily injury or death. *Id.*

On June 21, 2012,[2] the trial court sentenced Petitioner, who was seventeen years old at the time he committed the offenses, to an aggregate prison term of eighty-five years to life. *Id.*

On direct appeal, Petitioner contended: (1) the gang crime and gang enhancements must be reversed because the opinion of the gang expert, Salinas Police Officer Robert Zuniga, was based in part on testimonial hearsay, in violation of Petitioner's Sixth Amendment right to confrontation; (2) the judgment must be reversed due to juror misconduct because one juror

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Petitioner.
[2] Respondent incorrectly states that the date of sentencing was on June 21, *2013*. Dkt. 5 at 2. The correct date is June 21, *2012*. Dkts. 1 at 1, 1-2 at 8.

visited the scene and told the other jurors what he observed; and (3) remand for resentencing was required because the sentence of eighty-five years to life constitutes cruel and unusual punishment in light of the fact he was a juvenile at the time he committed the offense. *Id.* at 2-3.

On January 31, 2014, the state appellate court agreed with Petitioner's third claim, and reversed the judgment and remanded for resentencing in light of *Miller v. Alabama*, __ U.S. __, 132 S. Ct. 2455 (2012), and *People v. Caballero*, 55 Cal. 4th 262 (2012). *Id.* at 3, 32. In all other respects, the judgment was affirmed.

Both sides petitioned for review to the California Supreme Court. Dkt. 5 at 10. Petitioner challenged the state appellate court's reasoning and conclusions on his first two claims: (1) the violation of his Sixth Amendment right to confrontation; and (2) the alleged juror misconduct. Dkt. 1-2 at 2-33. Petitioner's petition for review was denied "without prejudice to any relief to which defendant might be entitled after [the state supreme] court decides *People v. Sanchez*, S216681." Dkt. 5 at 13. Meanwhile, the People of the State of California ("People") petitioned for review on the third claim, which had prompted the state appellate court to reverse and remand the case for resentencing. *Id.* at 23-32. The People's petition for review was granted and the matter has been "deferred pending consideration and disposition of a related issue in *In re Alatriste*, S214652 and *In re Bonilla*, S21490 (*see* Cal. Rules of Court, rule 8.512(d)(2)), or pending further order of the court." *Id.* at 10. This Court has conducted an independent search of the records on the California Supreme Court's official website in an effort to check on the status of the People's petition for review and discovered that this matter remains pending. *See People v. Espinoza*, S216994.

Petitioner had also filed a state habeas petition, in which he argued that he was deprived of the effective assistance of trial counsel because his attorney failed to object to the gang expert's opinion testimony. Dkt. 1-1 at 3. On January 31, 2014, the state appellate court denied Petitioner's state habeas petition. *Id.*

On May 14, 2014, the California Supreme Court also denied Petitioner's state habeas petition, which raised the same ineffective assistance of counsel claim. Dkt. 1 at 4.

Petitioner then filed the present petition on December 8, 2014.

2

**DISCUSSION**

In the instant petition, Petitioner raises three claims for relief: (1) the violation of his Sixth Amendment right to confrontation stemming from the gang expert's opinion testimony; (2) the alleged juror misconduct; and (3) ineffective assistance of trial counsel for failing to object to the gang expert's opinion testimony. Dkt. 1. All claims were presented to the California Supreme Court.

Respondent moves to dismiss the petition on abstention grounds, based on the California Supreme Court's denial of discretionary review without prejudice to any relief to which Petitioner might be entitled after the state supreme court decides *People v. Sanchez*, S216681. Dkt. 5 at 13.

## I.   COMPARISON OF PETITIONER'S AND SANCHEZ'S CASES

In *People v. Sanchez*, the California Supreme Court is addressing a confrontation issue, which is substantially similar to the one Petitioner raised (on direct appeal and in his federal petition). Specifically, the *Sanchez* case presents the following issue: Was Sanchez's Sixth Amendment right to confrontation violated by the gang expert's reliance on testimonial hearsay? Dkt. 5 at 15. According to the California Supreme Court's official website, this matter remains pending. *See People v. Sanchez*, S216681.

In the present case, Petitioner claims that the gang crime and gang enhancements must be reversed because the gang expert's opinion was based in part on testimonial hearsay, in violation of Petitioner's Sixth Amendment right to confrontation. Dkt. 1 at 8-14. As mentioned above, Petitioner had presented this claim to the California Supreme Court on direct review. Dkt. 1-2 at 2-33. While the California Supreme Court denied discretionary review, the denial was without prejudice to any relief to which Petitioner might be entitled after the state supreme court decides *People v. Sanchez*, S216681. Dkt. 5 at 13.

## II.   MOTION TO DISMISS

In the instant motion to dismiss, Respondent argues that because it is possible the state supreme court may issue an opinion in *Sanchez* that is favorable to Petitioner, and because the nature of that court's denial of review of Petitioner's confrontation claim leaves open the opportunity for Petitioner to once again seek review of his claim, this Court should abstain from

1  reaching the merits of the petition under *Younger v. Harris*, 401 U.S. 37 (1971).

2  Under principles of comity and federalism, a federal court should not interfere with
3  ongoing state criminal proceedings by granting injunctive or declaratory relief absent
4  extraordinary circumstances. *Id.* at 43-54. The rationale of *Younger* applies to non-criminal
5  proceedings when important state interests are involved. *See Middlesex Cnty. Ethics Comm. v.*
6  *Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *SJSVCCPAC v. City of San Jose*, 546 F.3d
7  1087, 1092 (9th Cir. 2008). *Younger* abstention is required when (1) state proceedings, judicial in
8  nature, are pending; (2) the state proceedings involve important state interests; and (3) the state
9  proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex*, 457 U.S. at
10  432. The Ninth Circuit has articulated a fourth requirement that "the federal court action would
11  enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the
12  state proceeding in a way that *Younger* disapproves." *SJSVCCPAC*, 546 F.3d at 1092 (citations
13  omitted). Although abstention is the exception, not the rule, *see World Famous Drinking*
14  *Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987), *Younger* and its companion
15  cases generally require a federal district court to abstain from granting injunctive relief when state
16  criminal actions or certain categories of state civil or administrative proceedings are pending
17  against the federal plaintiff at the time he or she commences the federal action. *See Pennzoil Co.*
18  *v. Texaco, Inc.*, 481 U.S. 1, 10-18 (1987).

19  Abstention may be inappropriate in the extraordinary circumstance that: (1) the party
20  seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable
21  injury if denied equitable relief, *see Mockaitis v. Harcleroad*, 104 F.3d 1522, 1528 (9th Cir. 1997)
22  *overruled on other grounds by City of Boerne v. Flores*, 521 U.S. 507 (1997) (citing *Younger*, 401
23  U.S. at 43-44); or (2) the state tribunal is incompetent by reason of bias, *see Gibson v. Berryhill*,
24  411 U.S. 564, 577-79 (1973).

25  The rationale of *Younger* applies throughout appellate proceedings, requiring that state
26  appellate review of a state court judgment be exhausted before federal court intervention is
27  permitted. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607-11 (1975). Moreover, a petitioner who
28  intends to seek federal habeas corpus relief must await the outcome of his state court appeal before

4

doing so; that appeal may result in reversal of the petitioner's conviction on some other ground, thereby mooting the claims raised in his federal habeas petition. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (citations omitted).

Here, the Court finds Respondent's abstention argument persuasive because all the aforementioned requirements for *Younger* abstention exist in this case, and this case cannot be classified under either of the above extraordinary circumstances where abstention is inappropriate.

As to the first requirement, there exist state proceedings that are pending, albeit in *Sanchez*, a case involving a different petitioner.[3] However, in *Sanchez*, the state supreme court is considering a confrontation claim that is *identical* to Petitioner's claim. The state supreme court's denial of review of Petitioner's confrontation claim has left open the opportunity for Petitioner to once again seek review of his claim once *Sanchez* is decided.

As to the second requirement, the state proceedings in *Sanchez* and application of the outcome to Petitioner's case, involve the important state interest of correcting violations of federal rights arising from a state court conviction.

The third requirement for *Younger* abstention is met because the state proceedings in *Sanchez*, as well as California's appellate process, afford an opportunity for Petitioner to raise his constitutional challenge.

Finally, the fourth requirement is met because federal court action would interfere with the state proceedings in a way that *Younger* disapproves. Specifically, abstention is appropriate

---

[3] Arguably, Petitioner's direct appeal actually remains pending in the California Supreme Court because the People's appeal from the state appellate court's opinion reversing and remanding Petitioner's case for sentencing is being deferred pending the outcome of two cases, *In re Alatriste*, S214652 and *In re Bonilla*, S21490. *See People v. Espinoza*, S216994. Therefore, Respondent also argues that Petitioner's claims are unexhausted. Dkt. 7 at 3 footnote 1 (citing *Murphy v. Wilson*, 409 F.2d 840, 841 (9th Cir. 1969) (exhaustion requirement not satisfied until the state appeal proceedings have been completed and a final state judgment has been entered)). Respondent acknowledges that the issue on review involves only sentencing, but argues that this fact is without consequence. *Id.* (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.") (emphasis added)). The Court need not address Respondent's alternative exhaustion argument because it finds that dismissal is warranted based on the abstention argument, as further explained in this Order.

1   because if the *Sanchez* decision is favorable to Petitioner and if he seeks relief from the state
2   supreme court, then this could result in the reversal of Petitioner's gang crime and gang
3   enhancements, thus mooting the necessity for federal habeas review of this claim.
4       Accordingly, Respondent's motion to dismiss the petition on abstention grounds is
5   GRANTED.  Dkt. 5.  Therefore, the instant petition is DISMISSED under the principle of federal
6   abstention set forth in *Younger*.  The dismissal is without prejudice to filing a new petition, as
7   explained below.
8       The Court will now address one final issue dealing with timeliness of the instant petition.
9   In his opposition, Petitioner seems to be concerned about his claims being barred from federal
10  review either by being found to be barred for untimeliness under 28 U.S.C. § 2244(d)—the statute
11  of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")—or
12  by "any procedural bars."  Dkt. 6 at 2.  Respondent counters that timeliness is not an issue because
13  Petitioner's direct appeal is still pending.  Dkt. 7 at 4.  This Court agrees.  Under AEDPA, a state
14  prisoner ordinarily has one year from the date his conviction becomes final to file a federal habeas
15  corpus petition.  28 U.S.C. § 2244(d)(1)(A).  Because Petitioner's direct appeal is still pending,
16  finality will not occur in this case until the California Supreme Court has adjudicated the People's
17  petition for review, and Petitioner either seeks certiorari to the United States Supreme Court or the
18  time for doing so expires.  *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Moreover,
19  this Court further notes that if Petitioner's case is remanded for resentencing, finality does not
20  occur until all appeals are taken from the resentencing, or the time for doing so expires.  *See*
21  *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (holding that the AEDPA limitations period does
22  not begin until both conviction and sentence "'became final by the conclusion of direct review or
23  the expiration of the time for seeking such review'").
24      In any event, the Court has concluded above that the instant petition should be dismissed
25  on abstention grounds.  The two matters are not related—whether dismissal is appropriate on
26  abstention grounds does not depend at all upon the existence or non-existence of statute of
27  limitations problems.  Petitioner's argument of any potential statute of limitations problem does
28  not provide a reason for this Court to deny Respondent's motion to dismiss.  What is important is

that Petitioner is aware of AEDPA's one-year limitations period and thus he should promptly file his next habeas petition in federal court after he receives a decision from the California Supreme Court to try to avoid any statute of limitations problem.

### III. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

### CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Respondent's motion to dismiss the petition is GRANTED. Dkt. 5. The petition is hereby DISMISSED without prejudice to filing a new petition for a writ of habeas corpus. Petitioner is cautioned not to file an amended petition in this action and not to use the case number for this action because this action is being closed as of today's date. When he files a new petition, he should put no case number on the first page, and should submit it with the $5.00 filing fee or a completed *in forma pauperis* application. At that time, the Court will give the new petition a new case number.

2. A certificate of appealability is DENIED. Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

3. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

4. This Order terminates Docket no. 5.

IT IS SO ORDERED.

Dated: May 27, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge